

**FILED**
**Feb 21, 2019**
**01:17 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT GRAY

| | | |
|---|---|---|
| **TOMMY DIAMOND, II,** | ) | **Docket Number: 2018-02-0072** |
| **Employee,** | ) | |
| v. | ) | |
| **CLAYTON HOMES, INC.,** | ) | **State File Number: 12596-2018** |
| **Employer,** | ) | |
| and | ) | |
| **XL INSURANCE AMERICA, INC.,** | ) | **Judge Brian K. Addington** |
| **Insurance Carrier.** | ) | |

## COMPENSATION HEARING ORDER GRANTING SUMMARY JUDGMENT

This claim came before the undersigned Workers' Compensation Judge on February 13, 2019, on Clayton Homes' Amended Motion for Summary Judgment. Based on the pleadings and affidavits, the Court holds there is no genuine issue of material fact that Mr. Diamond did not timely file his claim and grants the motion.

### Procedural History

Mr. Diamond alleged a right wrist injury primarily arising out of and in the course and scope of his employment with Clayton Homes on September 26, 2016. He filed a Petition for Benefit Determination (PBD) on February 1, 2018. This Court issued an expedited hearing order denying medical and temporary benefits after concluding Clayton Homes had not paid benefits and Mr. Diamond had not filed a PBD within one year of the date of injury. Afterward, Clayton Homes filed an original and then Amended Motion for Summary Judgment;[1] Mr. Diamond did not file a response to the motion.

---

[1] Clayton Homes filed the Amended Motion in order to comply with the Court's rules concerning summary judgment motions.

## Findings of Fact and Conclusions of Law

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04 (2018).

Clayton Homes must do one of two things to prevail on its motion for summary judgment: (1) submit affirmative evidence that negates an essential element of Mr. Diamond's claim, or (2) demonstrate that his evidence is insufficient to establish an essential element of his claim. Tenn. Code Ann. § 20-16-101 (2018); *see also Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015). If Clayton Homes meets this burden, Mr. Diamond "may not rest upon the mere allegations or denials of its pleading." *Id.* at 265. Rather, he must respond by producing evidence that sets forth specific facts showing there is a genuine issue for trial. *Id.*; Tenn. R. Civ. P. 56.06.

Timely filing a PBD is an essential element of a workers' compensation claim, and the question is whether Mr. Diamond did so. Clayton Homes has the initial burden of producing facts to show that the statute of limitations bars his claim. Once it establishes those facts, Mr. Diamond must prove that an exception exists or the claim is barred. *See Cloyd v. Hartco Flooring Co.*, 274 S.W.3d 638, 647 (Tenn. 2008).

In a workers' compensation claim where the employer has not paid benefits, "the right to compensation under this chapter shall forever be barred" unless notice of the injury is provided to the employer and "*a petition for benefit determination is filed* with the bureau . . . *within one (1) year* following the accident resulting in an injury." Tenn. Ann. § 50-6-203(b)(1) (Emphasis added).

It is undisputed that Clayton Homes did not pay benefits at any point for his injury, and that Mr. Diamond did not file a PBD until February 1, 2018, well past one year after the date of injury. Therefore, because Mr. Diamond filed his claim after the expiration of the statute of limitations, the Court concludes no genuine issue of material fact exists and summary judgment is appropriate as a matter of law.

**IT IS, THEREFORE, ORDERED** as follows:

1. Clayton Homes' Motion for Summary Judgment is granted, and Mr. Diamond's claim for the workers' compensation benefits is dismissed with prejudice to its refiling.

2. Clayton Homes shall pay costs of $150.00 to the Court Clerk within five business days under Tennessee Compilation Rules and Regulations 0800-02-21-.07.

3. Clayton Homes shall prepare and file with the Court Clerk a Statistical Data Form (SD2) within ten business days of entry of this order.

4. Absent an appeal, this order shall become final thirty days after issuance.

**ENTERED February 21, 2019**

_/S/ Brian K. Addington_
**BRIAN K. ADDINGTON**
**Workers' Compensation Judge**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was sent to the following recipients by the following methods of service on, February 21, 2019.

| Name | Certified Mail | Via Fax | Via Email | Sent To: |
|------|----------------|---------|-----------|----------|
| Tommy Diamond, Employee | X | | X | 48 Diamond Drive Delbarton, WV 25670 diamondboxinggym@gmail.com |
| Leslie Bishop, Employer's Attorney | | | X | lbishop@lewisthomason.com |

**PENNY SHRUM, COURT CLERK**
**Court of Workers' Compensation Claims**



<u>Compensation Hearing Order Right to Appeal</u>:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Compensation Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry. *See* Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# COMPENSATION HEARING NOTICE OF APPEAL
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

**Docket #:** _____

**State File #/YR:** _____

_____

**Employee**

v.

_____

**Employer**

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals Board.

[List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## List of Parties

**Appellant (Requesting Party):**_____ At Hearing: ☐ Employer ☐ Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ SF#: _____ DOI: _____

## Appellee(s)

**Appellee (Opposing Party):**_____At Hearing:☐Employer☐Employee

Appellee's Address: _____

Appellee's Phone: _____Email:_____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*** Attach an additional sheet for each additional Appellee ***

## CERTIFICATE OF SERVICE

I,_____ , certify that I have forwarded a true and exact copy of this
Compensation Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all
parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee
Rules of Board of Workers' Compensation Appeals on this the_____day of_____, 20___ .


[Signature of appellant or attorney for appellant]  _____


Attention:  This form should only be used when filing an appeal to the Workers' Compensation Appeals
Board.  If you wish to appeal a case to the Tennessee Supreme Court, please utilize the form provided by
the Court which can be found on their website at the following address:
http://www.tncourts.gov/sites/default/files/docs/notice_of_appeal_-_civil_or_criminal.pdf



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived.  The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning _____ |
| SSI | $ _____ per month | beginning _____ |
| Retirement | $ _____ per month | beginning _____ |
| Disability | $ _____ per month | beginning _____ |
| Unemployment | $ _____ per month | beginning _____ |
| Worker's Comp. | $ _____ per month | beginning _____ |
| Other | $ _____ per month | beginning _____ |

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental  $ _____ per month

Groceries          $ _____ per month     Telephone       $ _____ per month

Electricity        $ _____ per month     School Supplies $ _____ per month

Water              $ _____ per month     Clothing        $ _____ per month

Gas                $ _____ per month     Child Care      $ _____ per month

Transportation     $ _____ per month     Child Support   $ _____ per month

Car                $_____ per month

Other              $ _____ per month (describe: _____ )

10. Assets:

Automobile            $ _____    (FMV) _____

Checking/Savings Acct. $ _____

House                 $ _____    (FMV) _____

Other                 $ _____    Describe:_____

11. My debts are:

| Amount Owed | To Whom |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____